UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:18-cr-00002-JPH-CMM-7 |
| vs. | ) | |
| | ) | |
| BOBBY SHEWMAKE, | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

On November 30, 2023, the Court held an initial and final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on November 9, 2023 [Dkt. 677]. Bobby Shewmake ("Defendant") appeared with FCD counsel, William Dazey. The Government appeared by Pamela Domash, Assistant United States Attorney. U. S. Probation appeared by Officer Brian Deardurff on behalf of Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit to Violation Numbers 1 through 6 inclusive. The parties also concurred that the Defendant should be sentenced to a term of imprisonment above the maximum allowed under statutory guidelines, i.e., 4-10 months.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The defendant was advised on November 30, 2023, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation.

2. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations 1 through 6 inclusive.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | " You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage." |
| | As previously reported, on May 18, July 12, and July 21, 2023, Mr. Shewmake submitted urine drug tests that returned positive for amphetamines. The tests on May 18, and July 12, 2023, confirmed positive for methamphetamine. |
| 2. | " You shall submit to substance abuse testing to determine if you have used a prohibited |
| | On October 17, and 19, 2023, Mr. Shewmake submitted random urine drug screens which indicated the creatine levels were not consistent with normal human urine. Furthermore, on October 23, and November 8, 2023, Mr. Shewmake failed to report for random drug tests. |
| 3. | "You shall report to the probation officer in a manner and frequency directed by the court or probation officer." |
| | This officer completed attempted home contacts on October 23, October 26, and November 6, 2023, each time messages were left with neighbors and roommates and no contact was made with this officer. On October 30, 2023, this officer sent a letter to offender's residence directing him to report to the probation office on November 6, 2023, and he failed to report to that meeting. His whereabouts are unknown at this time. |
| 4. | "You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program." |
| | On October 25, 2023, Mr. Shewmake was unsuccessfully discharged from MRT due to four unexcused absences from the program. |
| 5. | " The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgement." |
| | This officer directed Mr. Shewmake to make a payment each month towards his fines. It has been 120 days since the last payment he submitted on July 6, 2023. |
| 6. | "You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, |

duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."

Mr. Shewmake failed to attend scheduled substance abuse treatment appointments on October 13, and October 25, 2023.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **I**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **4-10** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a) The Defendant violated the supervised release condition as alleged in Violations 1-6;

   (b) The Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 12 months. Consistent with the parties' agreement, no further supervised release to follow;

   (c) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing. The parties advised the Court that a term of imprisonment above the guidelines was motivated by the seriousness of the violations charged and the persistent failure to comply with the terms of supervised release. The parties conceded that a sentence of 12 months (as contrasted to 366 days) was the subject of bargaining prior to the making the joint recommendation to the Court. In other words, that specific sentence is intentional. At minimum, the defendant needs 12 sober months before rejoining society and, one

hopes, takes the steps needed to correct course. Regrettably, but pursuant to the agreement of the parties, the Court recommends that supervised release be terminated and not resumed upon completion of the sentence. The defendant has squandered multiple opportunities to make appropriate use of the USPO resources that can be expended with other, more receptive and compliant individuals.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated: November 30, 2023

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution: All ECF-registered counsel of record via email generated by the court's ECF system